# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49141

| | | |
|---|---|---|
| In the Matter of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: January 3, 2022 |
| Petitioner-Respondent, | ) ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| JOHN DOE (2021-41), | ) ) ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Paul R. Taber, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

John Doe (2021-41) appeals from the judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of the minor child in this action who was born in 2020. Prior to the child's birth, three of the child's maternal half-siblings were placed in foster care, and a child protection proceeding was initiated due to concerns that the mother's alcohol abuse posed a physical threat to them. After the child's birth, the Idaho Department of Health and Welfare initiated a separate

1

child protection action for the child. The magistrate court awarded legal custody of the child to the Department and approved a case plan for the mother. After being established as the child's father, Doe was joined in the child protection action and a case plan was approved for him.

Ultimately, the Department petitioned to terminate the parental rights of both Doe and the child's mother. During the termination trial, the magistrate court took judicial notice of the findings of fact, conclusions of law, and decree terminating the mother's parental rights to the child's three maternal half-siblings. When doing so, however, the magistrate court expressly indicated that it would rely upon the document only when determining whether to terminate the parental rights of the child's mother, but not in relation to Doe. Following the trial, the magistrate court terminated Doe's parental rights after finding clear and convincing evidence that he had both neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

---

[1] The magistrate court also terminated the parental rights of the child's mother. That decision is at issue in a separate appeal.

2

# III.

## ANALYSIS

Doe argues that the magistrate court violated his due process rights by terminating his parental rights after "relying upon evidence" from the prior termination proceeding involving the child's maternal half-siblings. Doe further contends that the magistrate court's findings "regarding domestic violence in this case" are not supported by substantial and competent evidence. The Department responds that Doe had a "full and fair opportunity to cross-examine witnesses and evidence as it related to his domestic violence issues" and that there was clear and convincing evidence of domestic violence justifying termination of Doe's parental rights. We affirm the magistrate court's termination decision.

### A.    Due Process

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

The magistrate court adjudicated the petitions to terminate both Doe and the mother's parental rights to the child in a single termination trial. At the beginning of the trial, the Department moved the magistrate court to take judicial notice of the findings of fact, conclusions of law and decree terminating the mother's parental rights to the child's three, older half-siblings in a prior termination proceeding. Doe did not object to the Department's motion. In admitting

3

the findings of fact, conclusions of law and decree from the prior proceeding into evidence, the magistrate court observed that Doe "was not a party to the previous . . . trial and had no opportunity" to present evidence, be represented by counsel, or otherwise participate. Consequently, the magistrate court indicated that it would consider the document as evidence only in relation to the child's mother, and not in relation to Doe.[2]

After conclusion of the termination trial, the magistrate court issued a single document containing findings of fact and conclusions of law terminating the parental rights of both Doe and the child's mother. In terminating Doe's parental rights, the magistrate court determined that Doe had neglected the child by failing to "maintain a safe, substance-free, stable residence . . . free of domestic violence." The magistrate court further concluded that it is in the child's best interests to be "physically safe" and that Doe's staunch commitment to the child's mother, combined with his refusal to acknowledge her substance abuse issues, sometimes resulted in violent conflicts which put the child at risk of harm. Balancing the emotional costs to the child from losing her biological parents and cultural heritage against the risk of physical harm and positive progress the child made in a potential adoptive placement, the magistrate court determined that terminating Doe's parental rights is in the best interests of the child.

Despite the magistrate court's express indication to the contrary, Doe contends that the magistrate court considered "information from the previous trial" to terminate his parental rights. Specifically, Doe contends that the magistrate court relied upon factual findings contained in the

---

[2]     Doe subsequently clarified that he did not object to the admission of the prior findings of fact and conclusions of law because "he assumed it would not be used in [his] case" and so he "kind of felt like [he] didn't even have standing to object." Even if Doe's lack of objection renders his due process challenge unpreserved, that does not necessarily bar consideration of his argument on appeal. This Court may address certain narrow, unpreserved issues involving due process violations in termination cases. *Idaho Dep't of Health & Welfare v. Doe (2017-32)*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018); *State v. Doe*, 144 Idaho 534, 536, 164 P.3d 814, 816 (2007). We recognize the Idaho Supreme Court has also recently held that a parent failed to preserve his due process argument for appeal and that the "failure to preserve his argument [was] dispositive." *Idaho Dep't of Health & Welfare v. Doe (2019-16)*, 166 Idaho 57, 63, 454 P.3d 1140, 1146 (2019). However, the Idaho Supreme Court did not expressly overrule the two prior opinions cited above in which it addressed unpreserved due process violations. Based on Idaho Supreme Court precedent and the record before us, we deem it appropriate to address Doe's argument because it raises due process concerns related to the termination of his parental rights.

findings of fact, conclusions of law, and decree from the prior termination proceeding involving the child's three, maternal half-siblings. According to Doe, the "testimony introduced at trial" in this case "contains none of the detail relayed in the magistrate court's written" findings of fact and conclusions of law and the "logical conclusion, therefore, is that those details were taken from . . . the previous case." In support of this contention, Doe cites a section of the written findings of fact and conclusions of law in this case titled, "Previously determined facts regarding [the child's mother] from Ada County Case No. CV01-19-02556,"[3] which contains (among other things) factual findings about reports of domestic violence involving Doe and the child's mother. Additionally, Doe notes that the portion of the findings of fact and conclusions of law analyzing whether he neglected the child indicates that his relationship with the child's mother "has been marked by domestic violence for the entire time that [Mother] has had an open Child Protective Act case in Ada County, Idaho." For the following reasons, we hold that Doe has failed to show a violation of his due process rights.

As an initial matter, we note that the findings of fact, conclusions of law, and decree from the prior termination case involving the child's mother, which the magistrate court took judicial notice of and admitted into evidence, is not included in the record on appeal. The absence of this evidence hinders our consideration of Doe's due process argument. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* Although the inclusion of some factual findings from mother's prior termination proceeding as part of the findings of fact and conclusions of law in this case suggests that the magistrate court relied upon the findings from the prior case, without reviewing the prior findings, it is unclear to what extent the magistrate court did so.

Even assuming that the section of "previously determined facts" about the child's mother is entirely comprised of factual findings from her prior termination case, Doe has not demonstrated that this affected the decision to terminate his parental rights. As previously stated, the magistrate

---

[3] According to the termination trial transcript, the case number in this title references the prior case in which the mother's parental rights to the child's three, maternal half-siblings were terminated.

court issued a single document containing findings of fact and conclusions of law terminating the parental rights of both Doe and the child's mother. That this document may contain and rely upon factual findings from the mother's prior termination proceeding is unsurprising. The magistrate court indicated its intent to rely upon those findings when considering whether to terminate the parental rights of the child's mother (but not Doe) when taking judicial notice of the document from the prior termination case.

Although the discussion in the findings of fact and conclusions of law in this case regarding whether Doe neglected the child does contain a passing reference to Doe and the mother's history of domestic violence, the context indicates that the reference was not a substantive finding supporting the determination that Doe neglected the child. Rather, the apparent purpose of the reference to the history of domestic violence that "marked" Doe and the mother's relationship was to provide background and context for other factual findings relevant to the neglect determination. The reference to prior domestic violence appears at the very beginning of the magistrate court's substantive discussion of whether Doe neglected the child. The next sentence indicates that Doe's case plan required him to "complete domestic batterer's treatment" to address concerns that history raised. The remainder of the discussion focuses on a single incident that occurred *after* Doe completed the required treatment in which he was arrested for allegedly striking the child's mother and Doe's steadfast refusal to acknowledge the mother's substance abuse issues that made her a physical threat to the child. In light of these facts, the magistrate court determined that Doe had neglected the child as described above.

In sum, Doe has failed to show that the magistrate court "relied upon findings in a previous case" to which Doe was not a party to terminate his parental rights. The portions of the written findings of fact and conclusions of law from this case that Doe cites do not indicate that the magistrate court relied upon findings from a "previous case to support a conclusion that [Doe's] parental rights" should be terminated. Consequently, Doe's argument that his due process rights were violated fails.

## B.     Finding of Domestic Violence

Doe also argues that the evidence supporting the magistrate court's factual findings "regarding domestic violence in this case was neither substantial nor competent." We hold that Doe has waived any error on this issue.

Idaho Rule of Civil Procedure 61 provides that, at "every stage of the proceeding, the court must disregard all errors or defects that do not affect any party's substantial rights." Accordingly, parties must provide argument explaining how an alleged error or defect prejudice their substantial rights. *Idaho Dep't of Health & Welfare v. Doe*, 163 Idaho 565, 571, 416 P.3d 937, 943 (2018) (disregarding a magistrate court's error of allowing nonparties to participate in a termination proceeding); *Cedillo v. Farmers Ins. Co.*, 163 Idaho 131, 136, 408 P.3d 886, 891 (2017) (declining to address appellant's discovery issues on appeal because appellant failed to support claims with argument demonstrating prejudice). Even where a finding of fact is erroneous, this Court will disregard the error, unless it affects a party's substantial rights. I.R.C.P. 61; *Doe I v. Doe*, 138 Idaho 893, 906, 71 P.3d 1040, 1053 (2003). Doe contends the following factual findings by the magistrate court lack sufficient evidentiary support: (1) Doe "remains an active risk of domestic violence toward [the child's mother]"; and (2) that Doe's relationship with the child's mother "has been marked by domestic violence for the entire time that [the mother] has had an open Child Protective Act case in Ada County, Idaho." However, Doe presents no argument that these allegedly erroneous findings undermine the magistrate court's determinations that he neglected the child and that termination is in the best interests of the child, nor does Doe contend that his substantial rights were otherwise prejudiced. Thus, Doe has failed to show reversible error in relation to those findings.

Moreover, although the magistrate court mentioned Doe's prior domestic violence when discussing whether he neglected the child, as previously discussed, that was not the central focus of the magistrate court's analysis of that issue. Rather, the analysis regarding *both* whether Doe neglected the child and whether termination is in the best interests of the child focused upon Doe's refusal to acknowledge the mother's alcohol abuse and take steps to protect the child from the physical threat the mother posed to the child while intoxicated. Doe does not challenge the magistrate court's factual findings related to those issues. Thus, Doe has failed to show error in the magistrate court's termination decision.

## IV.

## CONCLUSION

Doe has failed to show that the magistrate court violated his due process rights by relying upon factual findings from a proceeding in which he was not a party to terminate his parental

rights.  Additionally, Doe has not argued that the magistrate court's allegedly erroneous findings regarding prior domestic violence affected one of his substantial rights.  Consequently, Doe has failed to show error in the magistrate court's termination decision.  Accordingly, the judgment terminating his parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.